## Mahon *versus* Baker.

Where the plaintiff made a lease for a lot of ground to the defendant for the term of one year, at the nominal rent of one dollar, and afterwards by his acts and declarations showed that he had given the lot to the defendant as a reward for past services, corroborated by the facts that the defendant had occupied the lot ever since, claiming it as his own for more than twenty-one years, and that it had been taxed in his name and the taxes paid by him: *Held,* These facts constituted a perfect gift of the lot to defendant.

Error to the Common Pleas of *Cumberland county*.

This was an action of ejectment brought by David Mahon, plaintiff, against Richard Baker, defendant in error, for a house and lot in Shippensburg township. The legal title was in David Mahon prior to the possession of defendant. On 19th August, 1830, the plaintiff made a lease to the defendant for a term, ending 1st April, 1831, at the nominal rent of one dollar. The defendant entered into possession, and expended money and labour making improvements on the premises. It was proved that after the date of the lease the plaintiff had given the lot to the defendant as a reward for past services. The defendant had possession ever since, claiming it as his own for more than twenty-four years; it was taxed in his name, and the taxes paid by him. On the 11th March, 1851, the plaintiff executed a lease to the defendant for two years, at the rent of one dollar a year and taxes, in which the defendant acknowledged his previous tenancy under the plaintiff, and his liability for all the back rent. The jury found that this lease had been obtained by undue influence.

The plaintiff submitted the following points:—

1. That there is no evidence in this case on the part of the defendant to take it out of the operation of the statute of frauds and perjuries, or such as would induce a chancellor on a bill by defendant to decree a specific performance, and the plaintiff should recover.

2. To make a good contract by parol for the sale and purchase of land, the party claiming to be the purchaser must show what the contract was when it was made, the consideration to be paid, or if improvements to be made, to what extent they were to be made by the contract, that possession was taken and continued

[Mahon *v.* Baker.]

under and in pursuance of such contract—and all this must be clearly and unequivocally proved, and not being so proved in this case, the plaintiff is entitled to recover.

3. If the jury believe that there was no fraud on the part of the plaintiff in the execution of the leases of 19th August, 1830, and 11th March, 1851, the declaration of David Mahon, that he had given the lot to the defendant, made many years ago, are not evidence in this suit, and the plaintiff is entitled to recover.

His Honour (GRAHAM, P. J.) answered these points as follows:—

"1st point. The defendant does not claim the property in dispute under a contract of purchase, but by gift from the plaintiff. There is no contract alleged of which specific performance could be decreed by a chancellor; a gift must be executed by delivery of possession. There cannot be an executory gift. Under the evidence we cannot instruct you that the plaintiff should recover, but refer the case to you to determine upon the evidence.

"2d point. The law applicable to a contract for the sale and purchase of land is correctly stated in this point; but the defendant claims by gift and not by contract for a consideration paid or to be paid.

"3d point. We answer this in the affirmative. If the leases were fairly and honestly executed, the declarations of Mr. Mahon, as proved, would not confer any title upon the defendant. The written agreement, if honest, would prevail, and the plaintiff would be entitled to recover."

Error assigned: The court erred in their answer to plaintiff's points.

*Colwell* and *McClure*, for plaintiff in error.—To set aside a solemn instrument between parties on the ground of fraud or mistake, the evidence of it must be of what occurred at the execution of the instrument: 1 *W. & Ser.* 195; 8 *W. & Ser.* 76; 1 *Barr* 456-7; 5 *Barr* 409. Parol evidence, to vary a written agreement concerning lands, or to assess an interest in them in fee simple, without writing, is inadmissible: 4 *W. & Ser.* 472; 3 *Harris* 66. Payment of taxes can only be received in evidence of possession, or the extent of possession: 6 sec. Act 1804, *Stroud & Brightly's Purd. Digest*, tit. *Landlord and Tenant* 13; 1 *Jones* 61; 8 *W. & Ser.* 139. The law will not undertake to measure the validity of contracts by the greater or less strength of the understanding: 2 *Kent's Com.* 452. Every parol contract is within the statute of frauds, except where there is such performance as cannot be compensated in damages: 1 *Barr* 379; 3 *Penn. R.* 364; 2 *Wh.* 392; 3 *Watts* 253; 7 *Harris* 469; 2 *Jones* 173; 9 *Watts* 85; 9 *Barr* 178; 2 *Harris* 260; 3 *Ser. & R.* 546; 2 *Sto. Eq.* § 763. What acts, if proved, are sufficient to take the case

[Mahon *v.* Baker.]

out of the statute of frauds, are questions of law for the court, and it is error to throw these questions on the jury for their determination: 5 *W. & Ser.* 552; 6 *Watts* 467; 9 *Watts* 42; 7 *Barr* 106; *Johns. Ch.* 136; 5 *Harris* 496; 10 *Harris* 243.

*Watts* and *Penrose*, for defendant in error.—There is a distinction between a party asking the specific performance of a parol contract for the conveyance of land, and one being in possession who resists a recovery on the legal title: 2 *Barr* 295; 3 *Watts* 253; 7 *Harris* 469; 3 *Penn. R.* 332. Great latitude in testimony is allowed where the object is to establish fraud: 8 *Barr* 461; 5 *Barr* 230; 2 *Barr* 105.

The opinion of the court was delivered by

LOWRIE, J.—We get clear of a great deal of the difficulty of this case, and set aside some of the exceptions to evidence, and much of the argument, by putting the evidence into its natural order. The first evidence of the plaintiff's title was his lease to the defendant of 19th August, 1830, for a term ending 1st April, 1831, for the rent of one dollar. This was evidence that the defendant entered under the plaintiff as his tenant. It was answered by the defendant very properly by evidence that the plaintiff had often, after the date of the lease, shown by his acts and declarations that he had given the lot to the defendant as a reward for faithful service, corroborated by the facts that the defendant had occupied the lot ever since claiming it as his own, that is, for 24 years before suit brought; and that it had been taxed in his name during all but the first year of that time, and he had paid the taxes on it.

This is plainly inconsistent with a tenancy continued under the lease, for that said nothing about taxes, and under it the defendant was not bound for them; and so all the other acts are incompatible with the relation of lessor and lessee. There is no way of reconciling the evidence except on a supposition of an abandonment of this relation either before or after the defendant went into possession. So long a possession without the payment of rent cannot be accounted for by the lease. It was so long that the defendant might have relied on it alone for a legal title, and surely it was enough to save him from the necessity of any very distinct evidence of the gift, and of the possession being delivered in pursuance of it.

Next in order of time was the lease of the plaintiff to the defendant, 11th March, 1851, for two years, at the rent of one dollar a year and taxes, in which the defendant acknowledges his previous tenancy under the plaintiff, and his liability for all the back rent. This was very evidently prepared to neutralize the effect which might otherwise be attributed to the circumstances

[Mahon *v.* Baker.]

above recited in favour of the defendant. Its place, therefore, in the evidence is to rebut the defendant's case, and it cannot cut it out by the order in which the plaintiff elects to introduce it, and especially when it is itself charged with fraud. The defendant necessarily puts his case on the circumstances that have taken place since the first lease, and the plaintiff presents the second lease as one of those circumstances, and it is totally inconsistent with those that preceded it. It recites the first lease erroneously in form and effect, for it recites it as commencing at the date of its termination, and as still continuing. It makes the defendant liable for all the back rent and interest, when all the other circumstances show, at least, that no rent was intended to be demanded; and leaves the plaintiff's declarations that the lot was a gift to the defendant and the taxation of it as his entirely unaccounted for.

This lease was therefore taken under very suspicious circumstances; and considering the former relations of the parties, and the ignorance of the defendant, it is not at all surprising that the jury should find that it had been obtained by undue influence, and that it did not set aside the other evidence of the gift, or break the continuity of the defendant's adverse possession. This second lease being thrown out of the case, it stands clear of difficulty. The jury have found that, for more than 21 years, the defendant was in possession under a supposed gift claiming the land as his own. Even the testimony of the plaintiff's son shows that the defendant so regarded the matter. This finding is as full a confirmation of the gift as a deed would have been.

Judgment affirmed.